BRUCE L. ATKINS, ESQ. (Attorney Bar Code #: BA4455)
DEUTSCH ATKINS, P.C.
25 Main Street, Suite 104
Court Plaza North
Hackensack, New Jersey 07601
*Attorneys for Plaintiff, Laura Robertson Tobias*

14 CV 8494



UNITED STATES DISRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| LAURA ROBERTSON TOBIAS,<br><br>　　　　　Plaintiff,<br><br>vs.<br><br>NOTATIONS, INC.<br><br>　　　　　Defendant. | Civil Action<br><br>**COMPLAINT AND JURY DEMAND**<br><br>JUDGE TORRES |

Plaintiff, Laura Robertson Tobias (hereinafter "Plaintiff" or "Ms. Robertson") by way of Complaint against Defendant, Notations, Inc. (hereinafter "Notations"), states the following:

## PARTIES

1.　During all times relevant to this action, Ms. Robertson is an individual residing at 71 Orchard Place, Unit B, Town of Greenwich, State of Connecticut.

2.　During all times relevant to this action, Defendant, Notations is a corporation with a principal place of business at 539 Jacksonville Road, Township of Warminster, State of Pennsylvania.

## JURISDICTION

3.　The Federal District Court, Southern District of New York has diversity jurisdiction pursuant to 28 U.S.C. §1332(a) as Plaintiff and Defendant have residences in different states and because Plaintiff seeks damages in excess of $75,000.00.

## VENUE

4. Venue lies in the Federal District Court, Southern District of New York pursuant to 28 U.S.C. §1391 in which substantial parts of the events giving rise to the claim occurred at Notations' branch office located at 1407 Broadway, New York, New York 10018.

## FACTS COMMON TO ALL COUNTS

5. Ms. Robertson was employed by Notations for approximately twenty-three (23) years.

6. While employed by Notations, in recognition of her exceptional dedication and performance, Ms. Robertson rose through the ranks to become the President of Sales and Merchandising.

7. While employed by Notations as the President of Sales and Merchandising, Ms. Robertson established many of Notations' highest performing accounts, consistently generating over $70 million of sales per year.

8. Among Ms. Robertson's many notable contributions to Notations was her creation and development of the iconic and highly profitable "NY Collection" brand.

9. With Ms. Robertson's guidance, the "NY Collection" brand became a cornerstone for Notations, generating $33 million in sales over the last three (3) years.

10. Ms. Robertson's employment with Notations has been governed by employment agreements for the last fifteen (15) years.

11. During this time, it was not unusual for a contract to lapse and for Ms. Robertson to continue performing until the parties agreed on new terms, which would then be backdated to the date of the prior agreement's lapse.

12. Ms. Robertson and Notations entered into an employment agreement on June 18, 2013 (hereinafter referred to as the "Agreement").

13. The term of the Agreement was for the twelve (12) month period commencing on January 1, 2013.

14. The Agreement entitled Ms. Robertson to her annual salary, commissions, benefits, and severance.

15. The Agreement in paragraph D2A entitled Ms. Robertson to a commission calculated by a certain percentage of sales in all women's division accounts excluding Wal-Mart, Dress Barn, Bon Ton, J.C. Penny, Ross Stores, Value City, Beall's Florida, Beall's Outlet, Duckwall, Forman Mills, Fred Meyer, Inc., Gordmans, Inc., Hamricks, Home Shopping Network, Pamida, Shopko, VF Outlet, Inc., and Concord Buying.

16. The Agreement in paragraph D2B entitled Ms. Robertson to commissions calculated by a certain percentage of sales to Charming Shoppes, all divisions of Burlington Coat Factory, all divisions of State Stores including Valorie Stevens, Christopher and Banks, Ricki's and Cleo.

17. The Agreement in paragraph D2C entitled Ms. Robertson to commissions calculated by a certain percentages of sales to other "Missy" accounts that Ms. Robertson has direct involvement in opening and working.

18. The Agreement in paragraph D2D entitled Ms. Robertson to commissions calculated by a certain percentage of sales of all "NY Collection" sales including "Tattoo Me" sales.

19. In the fall of 2013, Macy's requested all merchandise sold at its stores through Notations be consolidated under Ms. Robertson's "NY Collection" brand.

20. On or about December 11, 2013, Notations management directed Ms. Robertson to Scott Erman's office. He is the Executive Vice President for Notations.

21. During this December 11, 2013 meeting Scott Erman advised Ms. Robertson that Notations was not moving forward with her employment.

22. During this December 11, 2013 meeting Scott Erman advised Ms. Robertson that Notations was terminating her employment on December 31, 2014.

23. During this December 11, 2013 meeting Scott Erman handed Ms. Robertson a termination letter advising Ms. Robertson that she would continue to receive her base salary and would be paid the balance of her incentive payments on or before March 31, 2014.

24. Following the December 11, 2013 meeting and before January 1, 2014, Notations reassigned Ms Robertson's accounts to other Notations representatives including those accounts specifically designated by the Agreement, as accounts on which Ms. Robertson would be entitled to commissions.

25. On or about December 11, 2013, Notations removed Ms. Robertson from email lists, calendars, scheduled client meetings, business meetings, and all other responsibilities she held as the President of Sales and Merchandising with Notations.

26. Notations assigned these responsibilities to at least one (1) less experienced and younger employee.

27. Accounts on which Ms. Robertson worked and those specifically identified in the Agreement, placed orders with Notations on or before December 31, 2013 for which Ms. Robertson was not provided a commission.

28. Notations failed to provide Ms. Robertson all commissions due for 2013 sales.

29. Notations ceased providing Ms. Robertson with her base salary on December 31, 2013, terminating her employment on this date.

## COUNT ONE
### Breach of Contract

30. Plaintiff hereby repeats and realleges all allegations set forth as if fully set forth herein.

31. Ms. Robertson and Notations entered into an Agreement dated June 18, 2013.

32. Ms. Robertson at all times complied with the requirements of the Agreement.

33. Notations breached the Agreement by removing Ms. Robertson from those accounts specifically identified in the Agreement.

34. Other Notations sales personnel worked those accounts and Ms. Robertson was intentionally excluded from those meetings and communications concerning those accounts.

35. Notations breached the Agreement by denying Ms. Robertson the ability to continue generating commissions on those accounts specifically identified in the Agreement.

36. Notations further breached the Agreement when it failed to pay Ms. Robertson commissions on orders placed on or before December 31, 2013 by accounts on which she worked and those specifically identified in the Agreement.

37. Notations further breached the Agreement when it removed Ms. Robertson from all of her responsibilities with Notations, effectively terminating her employment despite its continuing her on payroll.

38. Notations further breached the contract by terminating Ms. Robertson on or before December 31, 2013 and failing to pay her the severance identified in Agreement paragraph 4C.

39. Notations further breached the contract by failing to compensate Ms. Robertson for all commissions due and owing for the year 2013.

40. Notations otherwise breached the contract.

41. Notations breach of the Agreement has caused Ms. Robertson substantial damages.

**WHEREFORE**, Plaintiff, Laura Robertson Tobias demands judgment be entered against Defendant, Notations, Inc. awarding compensatory damages including pre-judgment and post-judgment interest, and such other relief as this Court deems just and proper.

## COUNT TWO
### Breach of the Covenant of Good Faith and Fair Dealing

42. Plaintiff hereby repeats and realleges all allegations set forth as if fully set forth herein.

43. Every contract contains an implied covenant of good faith and fair dealing prohibiting either party from destroying or injuring the rights of the other party to receive the benefit of the contract or, alternatively refraining from acting in bad faith or in an arbitrary or irrational manner.

44. Through Ms. Robertson's hard work and dedication she built the "NY Collection" line and it became a highly successful brand at Macy's.

45. Because of this success, Macy's sought to consolidate all its Notations products under the "NY Collection" brand.

46. Macy's consolidation of the Notations products under the "NY Collection" line entitles Ms. Robertson to a commission on the sale of these products.

47. Notations terminated Ms. Robertson to avoid payment of commissions to Ms. Robertson for the sale of its products under the "NY Collection" brand.

48. Notations' termination of Ms. Robertson to avoid paying her commissions generated on sale of the "NY Collection" and other brands is a breach of the covenant of good faith and fair dealing.

49. As a result of Notations' breach of the implied covenant of good faith and fair dealing, Ms. Robertson has suffered and will continue to suffer substantial damages.

**WHEREFORE**, Plaintiff, Laura Robertson Tobias demands judgment be entered against Defendant, Notations, Inc., awarding compensatory damages including pre-judgment and post-judgment interest, and such other relief as this Court deems just and proper.

## COUNT THREE
### Unjust Enrichment

50. Plaintiff hereby repeats and realleges all allegations set forth as if fully set forth herein.

51. Through Ms. Robertson's hard work and dedication she built the "NY Collection" line and it became a highly successful brand at Macy's.

52. Because of this success, Macy's sought to consolidate all its Notations products under the "NY Collection" line.

53. Macy's consolidation of the Notations products under the "NY Collection" line entitles Ms. Robertson to a commission on the sale of these products.

54. Notations terminated Ms. Robertson to avoid payment of commissions to Ms. Robertson for the sale of its products under the "NY Collection" brand.

55. Notations' termination of Ms. Robertson to avoid paying her commissions generated on sale of the "NY Collection" has caused Notations to be unjustly enriched.

56. As a result of Notations' termination of Ms. Robertson's employment, she has suffered damages.

**WHEREFORE**, Plaintiff, Laura Robertson Tobias demands judgment be entered against Defendant, Notations, Inc., awarding compensatory damages including pre-judgment and post-judgment interest, and such other relief as this Court deems just and proper.

## COUNT FOUR
### Violation of the New York City Human Rights Law
### NYC Administrative Code 8-107

57. Plaintiff hereby repeats and realleges all allegations set forth as if fully set forth herein.

58. At the time Notations terminated Ms. Robertson's employment she was forty-nine (49) years of age.

59. Younger less experienced Notations employees have been assigned Ms. Robertson's former responsibilities.

60. Ms. Robertson's age was a determinative factor in Notations decision to terminate Ms. Robertson's employment.

61. Because Ms. Robertson's age was a determinative factor in Notations decision to terminate Ms. Robertson's employment, Notations violated the New York City Human Rights Law.

62. The conduct in violation of the New York City Human Rights Law involved Notations' upper management and was egregious, willful, wanton, and in reckless disregard for Ms. Robertson's rights, for which punitive damages are appropriate.

63. As a result of Notations' discriminatory termination of Ms. Robertson, Ms. Robertson has and will continue to experience a loss of salary and other benefits as well as emotional distress.

**WHEREFORE**, Plaintiff, Laura Robertson Tobias demands judgment be entered against Defendant, Notations, Inc., awarding compensatory damages including pre-judgment and post-judgment interest, emotional distress damages, attorneys' fees and costs, and such other relief as this Court deems just and proper.

### COUNT FIVE
### Violation of the New York State Human Rights Law
### NY CLS Exec § 296

64. Plaintiff hereby repeats and realleges all allegations set forth as if fully set forth herein.

65. At the time Notations terminated Ms. Robertson's employment she was forty-nine (49) years of age.

66. Younger less experienced Notations employees have been assigned Ms. Robertson's former responsibilities.

67. Ms. Robertson's age was a determinative factor in Notations decision to terminate Ms. Robertson's employment.

68. Because Ms. Robertson's age was a determinative factor in Notations decision to terminate Ms. Robertson's employment, Notations violated the New York State Human Rights Law.

69. The conduct in violation of the New York State Human Rights Law involved Notations' upper management and was egregious, willful, wanton, and in reckless disregard for Ms. Robertson's rights, for which punitive damages are appropriate.

70. As a result of Notations' discriminatory termination of Ms. Robertson, Ms. Robertson has and will continue to experience a loss of salary and other benefits as well as emotional distress.

**WHEREFORE**, Plaintiff, Laura Robertson Tobias demands judgment be entered against Defendant, Notations, Inc., awarding compensatory damages including pre-judgment and post-judgment interest, emotional distress damages, attorneys' fees and costs, and such other relief as this Court deems just and proper.

### JURY DEMAND

Plaintiff hereby demands trial by jury.

DEUTSCH ATKINS, P.C.
25 Main Street, Suite 104
Court Plaza North
Hackensack, New Jersey 07601
*Attorneys for Plaintiff, Laura Robertson Tobias*

By: _____
BRUCE L. ATKINS, ESQ.
Attorney Bar Code #: BA4455

Dated: October 20, 2014